In The United States District Court

For The District Of Vermont

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 DEC 27 AM 11:47

CLERK

BY /s/ AW

DEPUTY CLERK

Derek Thomas )
Petitioner, )
)
)
Vs. ) Case No. 5:12-cr-37-1
)
)
Untited States Of America, )
Respondents, )

---

Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set
Aside, or Correct Sentence By A Person In Federal Custody

---

1. a) Name the location of the court that entered the judgement of conviction you are Challenging: <u>United States District Court Of Vermont in Rutland, Vermont</u>

   b) Criminal Docket Number: <u>5:12-cr-37-01</u>

2. a) Date of the judgement of the conviction: <u>December 16, 2013</u>
   b) Date of sentencing: <u>March 31, 2014</u>

3. Length of sentence: <u>180 months</u>

4. Nature of crime(all counts): <u>18 U.S.C. § 2251(a) Sexual Exploitation of Children; 18 U.S.C. § 2251(a) Sexual Exploitation Of Children; 18 U.S.C. § 2252(a)(4)(B) Activities Relating to Material Constituting Child Pornography</u>

5. What was the plea? <u>guilty</u>

6. Did you testify at a pre-trial hearing, trial, or post trial hearing? <u>No</u>

7. Did you appeal from the judgement of conviction? <u>Yes</u>

8. If you did appeal, answer the following:
   a) Name of the Court: Second Circuit Court of Appeals
   b) Docket number: 14-1083-cr
   c) Result: Affirmed
   d) Date of Result: June 11, 2015
   e) Citation to case: 788 F.3d 345
   f) Grounds raised: 1) The District Court erred in denial of Defendendt's motion to suppress evidence seized pursuant to warrant granted on the basis of an affidavit and application which wholly failed to disclose the source of all critical information was from a database compieled and maintaned by a third party.
   2) The District Court erred in denial of Defendent's motion to suppress evidence obtained from a search of his computer devices where Defendent was an unanticipated guest at the location for which the Search Warrant was issued.

   g) Did you file a petition for certiorari in the United States Supreme Court? Yes
   If yes, answer the following:
   1. Docket Number: 15-7012
   2) Result: Denied
   3. Date of result: January 11, 2016
   4) Citation to the Case(if known) Unknown
   5. Grounds raised: 1) If effective assistance of counsel provided when counsel fails to raise or argue issues or claims that could have an impact on the judicial proceedings; 2) was Defendent/Appellant denied due process when the Appellette court allowed and granted Appellette counsel's motion to step down as Counsel, without replacement and without ensuring proper steps and procedures were followed; 3) was Defendant/Appellant denied due process when no Appellte Counsel was appointed, since the criminal case was both complex and dealt with technological issues, and Defendant/Appellant did not have the training or access to discovery to properly bring his claims/issues before the Court; 4) did the District and/or Appellate Court have jurisdiction over the Defendant/Appellant since he was a registered alien; 5) did police violate Defendant/Appellant's 4th Amendment rights when it furthered a

-2-

private search without a warrant; 6) is perjury or reckless disregard to the known facts, that are intentionally not provided to the Magistrate in the probable cause warrant request, grounds for vacating the conviction; 7) is the testimony of an Expert witness, called by the prosecution, admissable when said Expert has a financial/economic interest in the outcome of the procedings and offers no evidence of his expertise relative to the subject; 8) was Defendant/Appellant's due process rights violated when evidence, provided by the prosecution witness, was redacted prior to being provided to the defense and no reason or hearing was held concerning the information being hidden.

9. Other than the direct appeals listed above, have you previously filed any motions, petitions, or application's concerning this judgement? NO

10. For this motion, state every ground which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.

Note: A Memorandum of Law shall be filed upon disposition of collateral motion for discovery.

Ground One: Abandonment of defense by Counsel in violation of Pettioners Sixth Amendment rights

Supporting facts: Petitioner's Defense Counsel abandoned his criminal defense as shown by the following:

A) Defense Counsell Mann refused to listen to the petitioner and ignored his wishes to raise several issues that could have a major impact on his proceedings. Petitioner asked to appeal the denial of his motion to suppress. Petitioner raised issues that the Search Warrant was critically invalid and Defense Counsel refused to investigate. Defense Counsel refused to entertain or raise any issues that petitioner's first attorney raised in petitioner's two motion's to suppress.

B) Defense Counsel abandoned Petitioner's defense by refusing to appeal denial of motion to suppress and told petitioner he was not allowed to appeal said denial, that the court's decision was final, period.

C) Defense counsel abandoned petitioner's defense when Counsel refused to investigate problems and issues with the Search Warrant. Petitioner

-3-

pointed out that the Application for the Search Warrant asked for a Search Warrant based upon 18 U.S.C. § 2252 and 2252A, and describeded the offenses, yet in an unincorporated attachment B, describes a compl- etly different set of crimes. In the affidavit at paragraph 50, it states that probable cause......has distributed, transported, received or pos- sessed child pornography.

The Search Warrant was overly broad and not founded on probable cause and the requesting officer knew this and drafted a application intentionally hiding facts that would show NO probable cause existed.

This list is subject to revision and supplemental, under Federal Rules Of Civil Procedures, Rule 15.

Ground Two: <u>Defense Counsel provided ineffective assistance of counsel in violation of his Fourth, Fifth, Sixth and Fourteenth Amendment rights.</u>

Supporting Facts: Petitioner's Defense Counsel provided ineffective as- sistance of counsel in violation of his Constituional rights, as shown by the following:

A) Defense Counsel ignored petitioner's request to recieve a final answer concerning his alien status, nor contact petitioner's embassy. Petitioner is a Citizen of Canada, living in the U.S. under a alien registration number.

B) Defense Counsel ignored petitioner's pleas and concerns about gover- nment witnesses committing perjury. Witness provided false information to the court and filed false statement in official government records. Prosecution knew of the perjury but used it in order to get a conviction.

C) Defense Counsel never investigated the IP address at issue, which was a computer router and the fact that the router was unsecure, you only needed to hit the enter key when the router asked for a passphrase. Any- one in the area had access to the router, meaning anyone could download contraband. The issue of the unsecure router would effect probable cause.

D) Defense Counsel never interviewed or spoke with the residents at the location listed on the Search Warrant, in fact law enforcement illegally

questioned and interviewed a minor child without a parent present. Defense Counsel never interviewed the recipient of the text messages found on the phone.

E) Defense Counsel provided ineffective assistance of counsel by not making or raising claims of prosecutorial misconduct by tampering and intimidating a potential defense witness, of which threats of incarceration if he were to testify, use of perjurious testimony and providing false information and evidence to the court.

F) Defense Counsel did not investigate the issue that the alleged software describeded in the case was not found on petitioner's computer. The prosecution used old windows registry information to support their allegations and changed information to show petitioner's computer was sharing data, when in fact it was not.

G) Defense Counsel did not investigate or raise the issue of information from a informant, said information is questionable and not always accurate and that informant was acting as a government agent. Petitioner asked Defense Counsel to raise issue of government illegally accessing his computer and getting non-shared information without a search warrant.

H) Defense Counsel did not investigate or raise the issue of petitioner's computer software GUID, which on his peer-to-peer network is not readily broadcast or provided on a query search. Defense Counsel also did not investigate or raise the issue that the query request was answered by an Ultrapeer and or Server and not by petitioner's computer, i.e. as a third party informant that may be in error.

I) Defense Counsel did not investigate or raise the issue of the three files in question were in the process of being downloaded when the government informant states petitioner had the files to share. If a file name is not indicative of it's content, then how if the file has not been completely downloaded could the petitioner have "knowingly possessed" any child pornography. The government used query responses from a Ultrapeer and or Server and not from petitioner's computer, to discover that petitioner was downloading a file that government records show as being child notable and yet the file name does not describe the contents.

-5-

Another example of Counsels failure to investigate is, petitioner told counsel he allowed a minor to use his phone to communicate with another minor, he asked for Counsel to interview said minor and preserve evidence. Counsel chose not to interview a potential alibi witness, which could have provided exculpatory evidence.

J) Defense Counsel failed to object to the prosecutions expert witnesses testimony and credentials. The testimony offered by William wiltse was not based in fact, was irelevant to petitioners case. Mr. Wiltse could not testify to the software utilized in petitioners case, as he did not know specifics on how it fuctioned, it's error rate or testing done on the software used in petitioners case. If Counsel had properly investigated the software utilized by law enforcement, Counsel would have known to object to the governments expert. Counsel failed to request a copy of the softwares utilized in petitioners case, the source code would have proven petitioners claims that the governments software does not function as testified too.

K) Defense Counsel failed to investigate and raise issues of law enforcments failure to follow proper procedures of investigations. Counsel failed to investigate that law enforcement intentionally failed to follow policy, practices, and procedures for investigating possible child pornography. Law enforcement used unconfirmed allegations, provided by a government actor, to allege a possible crime. Law enforcement did not do a direct connect or anyother investigation to see whether petitioner was offering, or in possesion of child pornography. Even though petitioner raised the issue of his software being set to not share any files after downloading, Counsel refused to investigate the issue of law enforcement not seeking any corroborating evidence that any crime may or may not have been committed.

L) Defense Counsel failed to investigate and or raise issues of law enforcements software used in petitioner's case. The District Court combined three criminal case's into one suppression hearing, and during that hearing there was testimony concerning Peer Spectre. Counsel failed to raise the issue that Peer Spectre was not used in petitioner's case, instead other software was used LimeScanner and Nordic Mule. Counsel failed to investigate or bring the issue of said softwares used and its reliability.

M) Defense Counsel intentionally refused to investigate and raise issues of perjury and misstatements in the affidavit for the application for the search warrant. Law enforcement cited statutes possibly violated, but in the unincorporated attachment "B", a different criminal description was used to provide a broader search than necessary. Law enforcement testified that they initiated the software that found the alleged child pornography, when in fact that was false. Law enforcement commited perjury and falsified investigative reports by stating they surveilled a location and had seen a car at an address that had been sold 6 months prior, and implied and stated he resided at that location, when in fact he had moved a year prior to the agents observations.

N) Defense Counsel failed to investigate and or raise issues of incomplete discovery, a governmental witness was allowed to redact its own document prior to providing it to the defense. Prosecutors submitted redacted EMAIL communications between authors of the affidavits used it operation greenwave. When petitioner asked Counsel what the redacted information contained, Counsel stated I was not allowed to know the contents, petitioner was never allowed to review the evidence against him so that he could help in his own case.

O) Defense Counsel intentionally refused to cross-examine the governmental witness, so as to impeach him and show possible perjury. Counsel failed to properly cross-examine governmental witness to show that there was no probable cause for a search warrant. Counsels failure to properly impeach witnesses allowed perjourous testimony and misstatements to be accepted as true, causing irreprable harm to petitioners case.

P) Defense Counsel Intentionally failed to advise petitioner of his right to appeal the decision of the suppression hearing. Petiitioner asked Counsel to appeal the District Courts denial of his motion to suppress evidence. Counsel told petitioner did not have the right to appeal the decision.

Q) Defense Counsel intentionally failed to advise her client of possible deportation consequences for entering a guilty plea. Counsel explained that even though he was a Canadian Citizen he would not be deported if he were to plead guilty, based on the information provided by Counsel

petitioner changed his plea and plead guilty, if Counsel had provided the petitioner with the right information and done a proper investigation revealing the true information, that the petitioner would in fact be deported for his crimes, petitioner would have insisted on going to trial. Counsel deprived petitioner of his basic right to be recognized as a Canadian Citizen.

R) Defense Counsel failed to object and preserve issues of false/misleading documents being presented to the court, which falsly stated that petitioner was a U.S. Citizen. Counsel knew petitioner was a Canadian Citizen yet allowed a report which needed concurence to be accepted by the courts as truthful. If Counsel had made and objection, petitioner would have been sentenced differently.

S) Defense Counsel failed and refused to object to the following evidence or situation: 1) Counsel failed to object to incomplete discovery, the prosecution provided documentary evidence that had been redacted by others, not the prosecution, some words and/or statements were blacked out with no reason provided for withholding the information; 2) Counsel failed to object to the joining of the three criminal cases into one suppression hearing and then failed to cross-examine the governmental witness as to the particulars of petitioner's case. During the suppression hearing the governmental witnesses testified about Peer Spectre, not about the software that was used in the petitioner's criminal investigation; 3) Counsel failed to object to the destruction of evidence while in law enforcements possesion. Petitioner's expert witness has stated that when she reviewed the confiscated computer hardware no peer-to-peer software was installed on the computer, even though the government claimed software was found on the computer.

T) Defense Counsel failed and refused to call witnesses that petitioner wanted to testify, the witnesses would have been used to impeach govermental witnesses. One witness could testify about the router at the IP location, the fact her son had been illegally questioned without and adult present, the guest status of the petitioner and whether the petitioner was at the residence at the date and alleged time of files being discovered for share. Defense Counsel could have called another witness to testify to prove that law enforcement lied and committed

-8-

perjury when they testified as seeing the witnesses auto at a location, when in fact the witness had not lived at that location in over a year, and the automobile had been sold six months prior to the agents observations, in fact the license plate the agent said he saw was in a drawer 40+ miles away at his new residence on the date he alleged to have seen it and called it in.

U) Defense Counsel provided ineffective assistance of counsel by denying petitioner access to case material so that he could aid in his own defense. Counsel did not review the P.S.R. with the petitioner, nor go over documentory evidence. Petitioner has repeatdly requested to see the information contained on a Compact Disc that had been admitted into evidence during the suppression hearing. The Compact Disc according to the government contained over 330,000 records, from what petitioner has been able to discover, the Compact Disc contains a lot less than 330,000 records. Petitioner questions what happened to the remainder of the evidence and whether it may have provided defensive evidence for the petitioner.

W) Defense Counsel refused to follow petitioner's base instructions, specifically to investigate issues that would have proven petitioner's innocence of the crimes alleged, to investigate fatal errors with the Search Warrant and other issues with the prosecutors case, failed to "subject the prosecutions case to any advesarial challenge." Defense Counsel failed and refused to appeal the decision denying the motion to suppress, in fact Counsel told petitioner that the decision could not be appealed.

X) The cumulative errors committed, and/or allowed to be committed, show ineffective assistance of counsel. The errors in and of themselves, if they do not raise to the level of constitutional violations, but when taken together and as a whole show that ineffective counsel was provided that so infected the proceedings as to cast doubt on whether petitioner received a fair and impartial trial guaranteed by the United States Constitution.

Ground Three: <u>Violation of Petitioner's Fourth, Fifth, Sixth and</u>
<u>Fourtheenth Amendment Rights by Appellate Counsel's</u>
<u>ineffective assistance of Appellate Counsel.</u>

Supporting Facts: Appellate Counsel provided ineffective assistance of Appellate Counsel in violation of his Constitutional rights, as shown by the following:

A) Appellate Counse provided ineffective assistance of appellate counsel by denying Petitioner the right to appeal the denial of his Motion to Suppress. After the denial of his Motion to Suppress, when Petitioner asked about appealling that decision, Appellate Counsel told the Petitioner that the decision could not be appealed. During the preperation of his direct appeal, Petitioner asked Appellate Counsel to raise the denial in the direct appeal and Counsel refused. Petitioner asked Appellate Counsel to raise numerous issues learned at the suppression hearing which appellate counsel also refused to raise.

B) Appellate Counsel provided ineffective assistance of appellate counsel because of a conflict of interest. Because Appellate Counsel was also the Trial Counsel, a conflict of interest existed in respect to claims of ineffective assistance of trial counsel. During the preperation of Petitioner's direct appeal, Appellate Counsel was interviewing for a position with the United States Attorneys Office.

C) Appellate Counsel provided ineffective assistance of counsel when Counsel intentionally raised issues in Petitioner's direct appeal that Trial Counsel had previously conceded in the District Court. Appellate Counsel raised only two issues ignoring stronger issues Petitioner brought to her attention, such as the warrant being fately flawed, perjury, ultrapeers as true source of information, no mention of GUID in affidavit. Appellate Counsel abandond claims Petitioner directed her to raise including the denial of his motion to suppress.

D) Appellate Counsel provided ineffective assistance of appellate counsel by withdrawing improperly as Appellate Counsel. Petitioner was not informed Counsel would be appointed, what potential issues could be raised in a writ of Certiorari, how to file a Writ of Certiorari, what time limits I have to file a Writ of Certiorari.

-10-

Ground Four: <u>Petitioner was denied a fair and impartial Trial by prosecutorial misconduct in violation of the Fifth Amendment</u>

Supporting Facts: The prosecution's acts and or omissions so unfairly infected petitioner's trial proceedings as to deny petitioner of a fair and impartial trial.

A) Petitioner alleges that the prosecution has committied a Brady violation by withholding possible exculpatory evidence and or destroying evidence. The prosecution submitted to the court and the defense documentary evidence that had been redacted, NO hearing or ruling wase had/made before the redaction was allowed. The information redacted may have more fully explained the way the governmental actors software operated and showing that it was committing illegal search and seizures in violation of the Fourth Amendment. Another possible Brady violation was when the Government turned over the petitioner's computer hardware for defense expert's review. When defense expert reviewed the hardware NO peer-to-peer software could be found and only one of the alleged files could be found, which was not located in the shared folder. These are just two incidents that petitioner alleges are Brady violations.

B) Petitioner alleges that the prosecution has committed Jencks Act violations. The prosecution did not provide full and complete evidence to the defense. The prosecution provided documents that had been blacked out or redacted. The information redacted may have allowed the petitioner to impeach the government's witnesses, but the petitioner can not know because the information was not provided, nor was a reason(s) for the redaction provided or justified.

C) Petitioner alleges that the prosecution allowed and intentionally used false and or perjurous statements in and attempt to gain a conviction. The prosecution allowed one of its witnesses to testify that an individual's car had been seen at a specific address with a specific lisence plate tag. The prosecution knew that the testimony was false as the individual had not lived at that address, that he moved one year prior to the agents observations. That the auto described as a wagon was in fact a two door compact, and the lisence plates he said he saw and called in were in fact in a drawer, 40+- miles away, as that vehicle had been sold six months prior to his observation.

-11-

D) Petitioner alleges that the prosecution continued the prosecution of charges against the petitioner, even though it knew that the Search Warrant and/or it's application was fatally incomplete and/or wrong. The prosecution, of which law enforcement testified they sought approval of the U.S. Attorneys Office, knew that law enforcement provided possible probable cause for 18 U.S.C. § 2252 and 2252A in the application for search warrant, but then added unincorporated attachment's that describes a completely different crime. The prosecution knew the warrant was overbroad, yet allowed it's execution to go forward anyway.

E) Petitioner alleges that the prosecution malicousley prosecuted Petitioner, the government used a method of investigation, carefully crafted affidavits for search warrants in order to show probable cause when the government knew it did not have enough evidence to establish probable cause.

F) Petitioner alleges that the prosecution intentionally mislead the Court that the Petitioner was a United States Citizen. The government knew, from the facts, that Petitioner was a Canadian Citizen, lawfully residing in the United States under a current alien registration number. Petitioner as a result was denied due process and the right to be recognized by the court as a Canadian Citizen.

Ground Five: <u>Violation of Petitioner's Fifth Amendement right to a Fair and Impartial Trial by Judicial Misconduct</u>

Supportnig Facts: The following acts and/or omissions so unfairly infected Petitioner's trial proceedings as to render the proceedings as meaningless.

A) The Trial Judge erred in not allowing the Defense to call a witness, a U.S. Attorney, to testify concerning knowledge of the search warrant affidavit and it's contents for probable cause. The witness would have shown and proved that the prosecution had possession of information and knowledge that could have caused a different outcome towards the search warrant, specifically Brady violations. The prosecution had information and/or knowledge that would have particularized the search warrant, thereby limiting the violation of Constitutional right and/or privacy of individuals at the residence. The Prosecution knew that law enforcement could have searched each computer for a particular G.U.I.D.(Global Unique Identifier), of which law enforcement had knowledge of, instead law enforcement searched all files and/or documents on every computer and electronic device. Prosecution also knew and/or had knowledge that the target and/or suspected I.P.(Internet Protocol) address was to a wireless router, that only required a individual to hit the "Enter Key" to gain access to the internet. Prosecution and/or law enforcement stated in the application for a search warrant that the I.P. Address was a particular computer, when in fact, they knew that an unknown number of computers could have accessed the internet through the I.P. address. This particular information would have had a major impact on the issue of probable cause, which the magistrate would have ruled there was not enough particular evidence to show that the suspect computer was in fact within the target residence.

B) The Tial Judge erred and committed misconduct when it interferred with the substantive and procedural process when it denied Defense Counsel the ability to fully cross-exam a government witness. The Trial Judge stopped Defense Counsel's line of questioning, stating that it had not been asked or broached on direct, when in fact the subject of the cross-exam question had been raised and/or broached on direct exam.

C) The Trial Judge erred when it allowed the results of a psychological sexual testing to be used when the recording of the testing was unrecognizable. The Trial Court should have looked at the probative effect of allowing this material to be used when it could not be challenged, since the recording was unrecognizable. Pursuant to Fed. R. Evid., Rule 403, this evidences probative value was substantially outweighed by the danger of unfair prejudice. Petitioner's due process rights where violated when probative evidence, that the Petitioner could not challenge because of faulty recording, was used and placed in his pre-sentence report. That report was used by the BOP (Bureau of Prisons) to increase his security points/level, this shows prejudice. Prejudice is presumed when evidence is allowed in the record that can not be verified and possibly challenged.

D) The Trial Court erred when it did not declare a mistrial when evidence and complaint that prosecution and/or agents for the prosecution were badgering and threatening potential witness(s). The Petitioner sent a letter to the Trial Court notifying it of this prosecutorial misconduct. This action by the prosecution, in a public space witnessed by many people, may have caused other potential witnesses to claim they knew nothing. This caused a denial of due process.

Ground Six: <u>Cummulative errors have denied the Petitioner of a fair and impartial trial in violation of his due process rights.</u>

Supporting Facts: The following facts will show the Petitioner was denied a fair and impartial trial through cummulative errors.

A) The Petitioner has raised six grounds and/or claims and these grounds raise a total of forty-one issues. If each of these issues do not in and of themselves raise to a constitutional level then, taken as a whole, they show that Petitioner's criminal proceedings were so prejudicial that they rendered Petitioner's trial as being fundamentally unfair. Thereby, the Petitioner was denied a fair and impartial trial, in violation of his Constitutional Rights.

11) Timeliness of Motion; This petition for relief pursuant to 28 U.S.C § 2255, is filed within the one year limitation by the fact Petitioner's direct appeal was decided June 11th, 2015, and the Supreme Court dismissed Petitioner's Writ of Certiorari on January 11th, 2016, Case Number **136 S.Ct. 848 (2016).**

**Therefore,** Petitioner asks that this Court grant the following relief: Vacate Petitioner's conviction and order his release, because he was denied a fair and impartial trial. This Court should rule that the Trial and Apppellate Counsel provided ineffective assistance of counsel, that the acts and/or ommissions of the Government are misconduct and that the Petitioner was denied a fair and impartial trial, or grant any other relief which Petitioner may be entitled too.

### Declaration and certificate of service

I, **Derek A Thomas,** declare under the penalty of perjury, that all the information contained within his Petition For Relief, 28 U.S.C. Sub Sec. 2255 is true and correct to the best of his knowledge and understanding, pursuant to 28 U.S.C. Sub Sec. 1746 and Certify that on 12/19/2016, Petitioner placed in the Burreau of Prisons Mailbox his 28 U.S.C. Sub Sec. 2255, Petition for Relief, First Class Postage and pursuant to the prison mailbox rule, Addressed to:

> Jeffery S. Eaton
> Clerk/U.S. Dist. Court
> 11 Elmwood Avenue
> Burlington, VT 05401

12/19/2016
Executed On:

Derek A. Thomas, Petitioner, Pro-se
Federal Correctional Institute 2
P.O. Box 1500
Butner, NC 27509